```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
KENLEY STANISLAS

                                Petitioner,

        – against –

LOUIS RIVERA, Warden of A.M.K.C. Rikers
Island Correction Facility and New York State
Department of Corrections and Community,

                                Defendants.
------------------------------------------------------------- X
```

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 12 2016 ★
BROOKLYN OFFICE

**MEMORANDUM DECISION AND ORDER**

12-cv-4155 (AMD)

**ANN DONNELLY**, District Judge.

The *pro se* petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in connection with his New York State guilty plea to Criminal Possession of a Forged Instrument in the Second Degree. N.Y. Penal Law § 170.25. The petitioner argues that his guilty plea was not knowing and voluntary. He also challenges the indictment and the sufficiency of the evidence before the grand jury, arguments that he never presented to the state court. The petition therefore contains both exhausted and unexhausted claims. For the reasons that follow, the petition for a writ of habeas corpus is denied.

### FACTUAL AND PROCEDRUAL HISTORY

The defendant's state court conviction arose out of his participation in a conspiracy to steal public benefit funds, in the form of electronic benefits transfer cards, or "EBTs," from hundreds of Brooklyn residents. In 2007 and 2008, the New York City Human Resources Administration ("HRA"), the New York State Office of Temporary and Disability Assistance, and the New York

1

State Office of the Welfare Inspector General investigated the conspiracy. After observing the petitioner making transactions at locations in Brooklyn, they arrested him. The petitioner had notebooks that contained names, account numbers, passwords, and other identifying information of more than 300 account holders, information that provided access to more than $50,000 in benefits. With this information, the petitioner gained access to accounts and changed the passwords associated with those accounts. The petitioner then used the accounts to purchase goods from willing merchants. In addition to the notebooks, the petitioner had two EBT cards hidden in his sock; neither of the cards was in his name.

The petitioner was charged by Kings County Indictment Number 12362/08 with Criminal Possession of Public Benefit Cards in the First Degree (N.Y. Penal Law § 158.50), Criminal Possession of Stolen Property in the Second Degree (N.Y. Penal Law § 165.52), two counts of Criminal Possession of a Forged Instrument in the Second Degree (N.Y. Penal Law § 170.25), Unlawful Possession of Personal Identification Information in the Second Degree (N.Y. Penal Law § 190.82), Criminal Possession of Stolen Property in the Fourth Degree (N.Y. Penal Law § 165.45(2)), Grand Larceny in the Fourth Degree (N.Y. Penal Law § 155.30(4)), Identity Theft in the Third Degree (N.Y. Penal Law § 190.78(1)), and three counts of Welfare Fraud in the Fifth Degree (N.Y. Penal Law § 158.05).

On March 16, 2010, the petitioner appeared with his attorney before the Honorable Martin Murphy and pled guilty to Criminal Possession of a Forged Instrument in the Second Degree in full satisfaction of the indictment; the petitioner, a predicate felon with three prior felony convictions, was promised an indeterminate prison sentence of from two to four years; his lawyer explained that the disposition was the product of "extensive negotiations." (Dkt. No. 8, Ex. 1 at 3.) The petitioner confirmed, under oath, that he wanted to give up his right to a trial and plead guilty,

that he understood the terms of the plea, and that no one had forced him or promised him anything in order to get him to plead guilty. The petitioner admitted that he had possessed a forged instrument, and waived his right to appeal; his only request was that the court waive the mandatory surcharge, which the court declined to do. At the end of the proceeding, in answer to the court's questions, the petitioner confirmed that he understood everything that had happened, and that he still wished to plead guilty.

However, when the petitioner appeared for sentencing on March 29, 2010, his lawyer told Judge Murphy that that the petitioner now wanted to withdraw his guilty plea; the petitioner claimed that he had been "under extreme duress" at the time of the plea, because an assistant district attorney had threatened him with "contempt" and with "two more years" for his refusal to provide a handwriting exemplar. *Id.* at 8–9. Judge Murphy denied the motion, and sentenced petitioner as a predicate felon to an indeterminate sentence of from two to four years.[1] *Id.* at 12.

The petitioner appealed his conviction to the Appellate Division, Second Department. He claimed that his plea was not knowing and voluntary because the court did not advise him that he was giving up his rights to a jury trial, to confront the witnesses against him, and against self-incrimination. By decision and order dated November 22, 2011, the Appellate Division affirmed the petitioner's conviction, holding that the petitioner had not preserved his claim for appellate review because he did not move to withdraw his plea on that ground prior to sentencing. *People v. Stanislas*, 89 A.D.3d 1043, 1043–44 (2d Dep't 2011). The court declined to exercise its interest of justice review power. *Id.* at 1044. On February 23, 2012, the Court of Appeals denied the petitioner's application for leave to appeal (Read, J.). *People v. Stanislas*, 18 N.Y.3d 928 (2012).

---

[1] The petitioner was eventually paroled, but was soon after arrested for almost precisely the same conduct.

3

## DISCUSSION

### I. Legal Standard

In reviewing a habeas petition, a federal court must not "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). This doctrine applies to both substantive and procedural state law grounds, and includes a state court's decision not "to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Id.* at 730.

### II. Analysis

#### 1. Guilty Plea

The petitioner's first complaint is that his guilty plea was not knowing and voluntary. (Pet. 7–11.) When the petitioner made this argument in state court, the Appellate Division found that it was "unpreserved for appellate review since he did not move to withdraw his plea on that ground prior to sentencing." *Stanislas*, 89 A.D.3d at 1043–44. The Appellate Division based its decision on New York Criminal Procedure Law § 470.05(2) -- the contemporaneous objection rule -- which provides in relevant part:

> For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same.

The Second Circuit has found the contemporaneous objection rule to be an independent and adequate ground for decision for purposes of habeas review. *See, e.g., Downs v. Lape*, 657 F.3d 97, 104 (2d Cir. 2011); *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990). Therefore, the Appellate Division expressly based its opinion on an independent and adequate state law ground; consequently, the decision should not be reviewed on a federal habeas petition.

4

2. Grand Jury Proceedings

The petitioner makes additional complaints that he did not raise at any point during the state litigation. For example, he argues that the indictment and the evidence before the grand jury were legally insufficient, that the statutes defining the offenses were unconstitutional, and that the charges were duplicitous and multiplicitous. Because he is raising these claims for the first time in federal court, the petitioner has not exhausted his claims.

Generally, a federal court should dismiss a federal habeas petition that contains unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). In some cases, a petitioner might then have the option of persuing claims in state court. However, if the petitioner no longer has "remedies available" in the state courts under 28 U.S.C. § 2254(b), a court may deem the claims exhausted. *See Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994). Here, the petitioner does not have remedies available in the state court because his direct appeal was unsuccessful; New York does not permit collateral attacks on a conviction when the defendant unjustifiably fails to raise the issue on direct appeal. N.Y. Crim. Proc. Law § 440.10(2)(c). The petitioner was entitled to one appeal to the Appellate Division and one request for leave to appeal to the Court of Appeals, which he pursued. *See Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001) (citing N.Y. Crim. Proc. Law § 450.10(1); N.Y. Court R. § 500.10(a)). "[W]hen 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' federal habeas courts also must deem the claims procedurally defaulted." *Aparicio* 269 F.3d at 90 (quoting *Coleman* 501 U.S. at 735 n.1). The grand jury proceeding claims are therefore procedurally defaulted.

A federal court may only address the merits of a procedurally defaulted claim if the petitioner demonstrates that there was cause for the default and that he was prejudiced. *See Bossett* 41 F.3d at 829. There has been no showing that the petitioner was prevented from making his arguments about the grand jury and the indictment to the Appellate Division. Accordingly, this court is not required to address the claims.

Even if the petitioner had exhausted his claims in state court, or had shown good cause and prejudice, he could not succeed on the merits of his claims. "Claims of deficiencies in state grand jury proceedings are not cognizable in a habeas corpus proceeding in federal court." *Davis v. Mantello*, 42 F. App'x 488, 490 (2d Cir. 2002) (citing *Lopez v. Riley*, 865 F2d. 30, 32 (2d. Cir. 1989)).

## CONCLUSION

The petition for writ of habeas corpus is denied in its entirety. The case is dismissed. A certificate of appealability will not be issued. *See* 28 U.S.C. § 2253(c).

**SO ORDERED.**

s/Ann M. Donnelly
———————————
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
       February 12, 2016